GUY FARMER AND GERTRUDE FARMER, RESPONDENTS,
v. JOHN DAVIES, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

1. Under an agreement to procure "a lease of straight five years and five years' privilege at the same rental" as theretofore paid, without any provision for other terms, covenants or restrictions to be inserted in the lease, the tender of a lease by the landlord for the term of five years with a privilege of renewal for five additional years, but containing a covenant against assignment or subletting without the landlord's consent may properly be refused by the lessee as not in compliance with the terms of the agreement, because including such restrictive covenant.

2. The terms of a proposed lease are to be governed by the provisions of the agreement to lease, and where specific terms are not provided for by the agreement, the lease is to contain only the usual provisions, and, as assignment and subletting are naturally incident to a leasehold estate, the lessor is not, without express stipulation, entitled to a covenant restraining alienation without license as a proper and usual covenant.

3. The finding of a District Court on a material question of fact will not be reversed if there is any evidence to support it, but will be where there is no such evidence.

On appeal from the Supreme Court.

For the appellant, *Harold Simandl* and *Samuel B. Finkelstein*.

For the respondents, *Silberman & Grosman*.

The opinion of the court was delivered by

ACKERSON, J. This action was brought by the plaintiffs in the Second District Court of the city of Newark to recover the amount of a check for $200, given by the defendant to them as a deposit upon the purchase price of the business and remainder of the term of a lease of a moving picture theatre, which the plaintiffs agreed to sell to defendant for $2,600, upon the condition, however, that unless the landlord, who owned the building in which the theatre was located,

would give to the defendant "a lease of straight five years and five years' privilege at the same rental," the deposit of $200 was to be returned to the defendant. No other terms, covenants or restrictions for the proposed lease were provided for in said agreement. The landlord offered to the defendant a lease for the term of five years with a five year privilege of renewal at the same rental, but included therein a covenant against the assignment thereof or the subletting of the premises by the lessee without the consent of the landlord, and refused to give a lease without such restrictive covenant in it.

The defendant refused to accept the lease thus offered upon the ground that it was not in accordance with the contract between the plaintiffs and defendant because it contained the covenant against assigning or subletting without the lessor's consent, and therefore stopped payment on the aforesaid check. The District Court, sitting without a jury, gave judgment for the plaintiffs for the sum of $204.50. The defendant appealed to the Supreme Court which affirmed the judgment and defendant now appeals to this court.

The grounds of appeal present the single question of whether the defendant was justified in stopping payment of the check, and this depends upon whether the tender of a lease embracing a covenant preventing the lessee from assigning or subletting the premises without the consent of the landlord was a compliance with the terms of the agreement to procure the lease. The agreement between the parties made no provision for such restrictive covenant in the proposed lease, and the general rule of law is that the terms of a proposed lease are to be governed by the provisions of the agreement to lease, and where specific terms are not provided for by the agreement, the lease is to contain the usual and only the usual provisions (16 R. C. L., § 26), and as assignment and subletting are naturally incident to a leasehold estate, they are not to be restricted unless by express stipulation to that effect, 24 Cyc. 962 (B); and so it is held that under an agreement for a lease, the lessor is not, without express stipulation, entitled to a covenant restraining alienation without license

as a proper and usual covenant.  16 *R. C. L.*, § 323, and cases there cited.  The contract under consideration is not ambiguous, and in our opinion a covenant for a "lease for straight five years," means a lease without such a restrictive covenant as is here involved.

But it is urged that the learned trial judge in his opinion found as a fact that the defendant refused to accept the lease because he objected to the covenant against assignment, and also observed that "it has been the custom to include in leases in this locality a covenant against assignment," and that, therefore, it was proper to include such a covenant in this lease, although not expressly provided for in the agreement between the parties to this suit.  A careful examination of the testimony, however, fails to disclose any evidence whatsoever to support the trial court's finding of such a custom, and while the well recognized rule is that the finding of a District Court on a material question of fact will not be reversed if there is any evidence to support it, the rule is not applicable to cases where there is not evidence to support such finding, and in our opinion this is such a case.  *Doolittle* v. *Mark,* 88 *N. J. L.* 515.  Nor would such a custom of such limited application as mentioned by the trial court be the proper subject of judicial notice under the circumstances of this case, so as to make it safe and proper to assume its existence without proof.

For the reasons above expressed we are of the opinion that the defendant was under no obligation to accept the lease which was tendered to him, and was justified in stopping payment of the deposit check, and therefor the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.  13.